Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT FILED

for the

Western District of Oklahoma

AUG 15 2025

_____ Division

JOAN KANE, CLERK
U.S. DIST. COURT WESTERN DIST. OKLA.
BY_____, DEPUTY

Jackie Orville Pearson ) Case No. CIV-25-924-PRW.
)
) *(to be filled in by the Clerk's Office)*
_____ )
*Plaintiff(s)* )
*(Write the full name of each plaintiff who is filing this complaint.* ) Jury Trial: *(check one)* ✔Yes ☐No
*If the names of all the plaintiffs cannot fit in the space above,* )
*please write "see attached" in the space and attach an additional* )
*page with the full list of names.)* )
-v- )
See Attached )
KWTU9, Jennifer Pierce, City of Del City, )
Del City Police Dept., Chief Loyd Berger, )
major Michael Arterbury, all others )
*Defendant(s)* )
*(Write the full name of each defendant who is being sued. If the* )
*names of all the defendants cannot fit in the space above, please* )
*write "see attached" in the space and attach an additional page* )
*with the full list of names.)* )

## COMPLAINT FOR A CIVIL CASE

### I. The Parties to This Complaint

**A.    The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Jackie Orville Pearson |
| Street Address | 3909 SE 24th Street |
| City and County | Del City, Oklahoma |
| State and Zip Code | OK 73115 |
| Telephone Number | 405-255-6719 |
| E-mail Address | Jpinvestments1@cox.net |

**B.    The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | KWTV Channel 9 |
| Job or Title *(if known)* | |
| Street Address | 100 West Main, Ste 100 |
| City and County | Oklahoma City, Oklahoma |
| State and Zip Code | Oklahoma 73102 |
| Telephone Number | (405) 843-6641 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | Jennifer Pierce |
| Job or Title *(if known)* | Staff Reporter |
| Street Address | 100 West Main, Ste 100 |
| City and County | Oklahoma City, Oklahoma |
| State and Zip Code | Oklahoma 73102 |
| Telephone Number | (405) 843-6641 |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | City of Del City |
| Job or Title *(if known)* | Municipality |
| Street Address | 3701 SE 15th St |
| City and County | Del City, Oklahoma |
| State and Zip Code | Oklahoma 73115 |
| Telephone Number | (405) 677-5741 |
| E-mail Address *(if known)* | info@cityofdelcity.org |

Defendant No. 4

| | |
|---|---|
| Name | Del City Police Department |
| Job or Title *(if known)* | Department of City of Del City |
| Street Address | 4517 SE 29th Street |
| City and County | Del City, Oklahoma |
| State and Zip Code | Oklahoma 73115 |
| Telephone Number | 405-677-2443 |
| E-mail Address *(if known)* | |

Defendants: Loyd Berger, Del City Police Chief; Michael Arterbury, Major Del City Police; Kory Boatwright, Detective Del City Police; Christopher Griggs, Detective Del City Police; Matthew Lisenbee, Del City Police Officer; Robert Colson, Del City Police Officer; City of Del City; Del City Police Department; Jason Glidewell, Oklahoma County Associate District Judge; KWTV channel 9; Jennifer Pierce, Staff Reporter employed by KWTV Channel 9

B. Defendants:

Defendant No. 5
Name: Loyd Berger
Job or Title (if known): Chief of Police
Street Address: 4517 SE 29th St
City and County: Del City, Oklahoma
State and Zip Code: Oklahoma 73115
Telephone Number: (405) 677-2443
E-mail Address (if known): dcpdadmin@cityofdelcity.org

Defendant No. 6
Name: Michael Arterbury
Job or Title (if known): Major, Commander of Investigation Division
Street Address: 4517 SE 29th St
City and County: Del City, Oklahoma
State and Zip Code: Oklahoma 73115
Telephone Number: (405) 677-2443
E-mail Address (if known):

Defendant No. 7
Name: Kory Boatwright
Job or Title (if known): Detective
Street Address: 4517 SE 29th St
City and County: Del City, Oklahoma
State and Zip Code: Oklahoma 73115
Telephone Number: (405) 677-2443
E-mail Address (if known):

Defendant No. 8
Name: Christopher Griggs
Job or Title (if known): Detective
Street Address: 4517 SE 29th St
City and County: Del City, Oklahoma
State and Zip Code: Oklahoma 73115
Telephone Number: (405) 677-2443

E-mail Address (if known):

Defendant No. 9
Name: Matthew Lisenbee
Job or Title (if known): Police Officer
Street Address: 4517 SE 29th St
City and County: Del City, Oklahoma
State and Zip Code: Oklahoma 73115
Telephone Number: (405) 677-2443
E-mail Address (if known):

Defendant No. 10
Name: Robert Colson
Job or Title (if known): Police Officer
Street Address: 4517 SE 29th St
City and County: Del City, Oklahoma
State and Zip Code: Oklahoma 73115
Telephone Number: (405) 677-2443
E-mail Address (if known):

Defendant No. 11
Name: Jason Glidewell
Job or Title (if known): Special Associate District Judge
Street Address: 321 Park Avenue, Rm. 520
City and County: Oklahoma City, Oklahoma
State and Zip Code: Oklahoma 73102
Telephone Number: (405) 713-1428
E-mail Address (if known):

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☑ Federal question           ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.    If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.
First Amendment, Fourth Amendment, Fifth Amendment, Sixth Amendment, Eighth Amendment, and Fourteenth Amendment. 18 USC 242, 42 USC 1983, 42 USC 1985

### B.    If the Basis for Jurisdiction Is Diversity of Citizenship

1.    The Plaintiff(s)

a.    If the plaintiff is an individual

The plaintiff, *(name)* _____ , is a citizen of the

State of *(name)* _____ .

b.    If the plaintiff is a corporation

The plaintiff, *(name)* _____ , is incorporated

under the laws of the State of *(name)* _____ ,

and has its principal place of business in the State of *(name)*

_____ .

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

a.    If the defendant is an individual

The defendant, *(name)* _____ , is a citizen of

the State of *(name)* _____ . Or is a citizen of

*(foreign nation)* _____ .

      b.     If the defendant is a corporation

The defendant, *(name)* _____ , is incorporated under

the laws of the State of *(name)* _____ , and has its

principal place of business in the State of *(name)* _____ .

Or is incorporated under the laws of *(foreign nation)* _____ ,

and has its principal place of business in *(name)* _____ .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

    3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

Eleven people, including several police officers and an Oklahoma County Special Associate District Judge, conspired to deprive me of liberty, property, reputation, placed me in financial hardship, and deliberate indifference to medical needs. This caused actual financial cost of over $10,000 cash and continuous lost of wages. I am too afraid to move into my house due to the actions of the defendants and I am demanding compensation of punitive damages of $500,000, plus $405 court costs and $5,000 for Private Investigator Services.

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

The police officers deprived me of my liberty and was directly responsible for ongoing mental health problems, to include the false information used to accomplish their goals. The attached detailed outline attached shows the source documents and how each person corroborated with each other to conspire to violate several civil rights and how City of Del City, and a department of City of Del City (Del City Police Department) has systematically failed to supervise, train, retain, discipline, enforce published Del City Police Department Policy, April 1, 2024.Also, a local news reporter worked in concert with Del City Police to publish defamation with knowledge that it was false or with reckless disregard of whether it was false.

## IV.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Due to the totality of the circumstances, I suing for Federal Bureau of Investigation to audit Del City Police Department and City of Del City; due to the fact, both tax payer entities have avoided accountability from previous 42 USC 1983 lawsuits. I am suing for federal oversight of the Oklahoma County District Court System and the Oklahoma County District Attorney's Office for false prosecution of American Citizens and Oklahoma County residents. I am suing for the actual lost of $17,405 and punitive damages of $500,000 for their role in the conspiracy to violate me from liberty, property, due process, and false statements as outlined. Also, Detective BOATWRIGHT made a death threat, with Detective GRIGGS present. Not a single person involved attempted to stop the actions of the group and should be held equally accountable.

This is in reference to the cases concerning Jackie O. Pearson Oklahoma County MI-2025-328 and Del City Case Number 25-00834 following incidents of people acting "under the color of law" violating the 1st, 4th, 5th, 6th, 8th, and 14th United States Constitutional Amendments. These violations are violations with 18 U.S.C. 242 and subjected to 42 U.S.C. 1983 and 42 U.S.C. 1985 civil liabilities. These series of events caused by 11 people caused me to be too afraid to go home. I go there for short periods of time but not spend the night. I have nightly terrors, unable to sleep, in counseling that continues today, and I am just waiting for the next time the police wakes me up (COLSON), arrests me (LISENBEE), makes death threats and false statements (GRIGGS and BOATWRIGHT), a warrant issued by a "rubber stamp" (Special Associate District Judge J. Glidewell) with an excessive bond, and have to start over. I have concluded there is no protection from this grievous, malicious, deliberate, intentional, and rouge actions of government officials. Although, all of them have taken an oath to uphold the laws and both the U.S. Constitution and Oklahoma Constitution, except for PIERCE (however, she operated as an agent for the government). The defendants worked in concert with each other and conspired to deprive me of my house, my liberty, my cellphone, my credibility, caused financial hardship, and deliberate indifference to medical needs as outlined below:

1.  For violation of the First Amendment:
    1.1.  Deliberate denial of accommodation for my religious Freedom of being a Seventh Day Adventist which states:
        1.1.1. **22. Christian Behavior (source: https://adventist.org/beliefs#belief-22)**
        1.1.2. We are called to be a godly people who think, feel, and act in harmony with biblical principles in all aspects of personal and social life.
        1.1.3. For the Spirit to recreate in us the character of our Lord we involve ourselves only in those things that will produce Christlike purity, health, and joy in our lives. This means that our amusement and entertainment should meet the highest standards of Christian taste and beauty.
        1.1.4. While recognizing cultural differences, our dress is to be simple, modest, and neat, befitting those whose true beauty does not consist of outward adornment but in the imperishable ornament of a gentle and quiet spirit.
        1.1.5. It also means that because our bodies are the temples of the Holy Spirit, we are to care for them intelligently. Along with adequate exercise and rest, we are to adopt the most healthful diet possible and abstain from the unclean foods identified in the Scriptures. Since alcoholic beverages, tobacco, and the irresponsible use of drugs and narcotics are harmful to our bodies, we are to abstain from them as well.
        1.1.6. Instead, we are to engage in whatever brings our thoughts and bodies into the discipline of Christ, who desires our wholesomeness, joy, and goodness.
        1.1.7. (Gen. 7:2; Exod. 20:15; Lev. 11:1-47; Ps. 106:3; Rom. 12:1, 2; 1 Cor. 6:19, 20; 10:31; 2 Cor. 6:14-7:1; 10:5; Eph. 5:1-21; Phil. 2:4; 4:8; 1 Tim. 2:9, 10; Titus 2:11, 12; 1 Peter 3:1-4; 1 John 2:6; 3 John 2.)
    1.2.  KWTV Channel 9 Staff Reporter Jennifer PIERCE worked as an agent of Del City Police Department by publishing two articles (March 25, 2025, and April 8, 2025) based solely on what was reported by the Del City Police Department (a department of City of Del City, source: https://cityofdelcity.gov/departments/all-departments/) and failed to use independence in journalism provided by the First Amendment. This is at minimum a conflict of interest between what was reported and the facts of the case.
        1.2.1. The first false statement that was published is in the title of the article published on March 25, 2025, at 3:35 p.m. on Oklahoma City Channel 9 and copied to Tulsa Channel 6 providing nearly statewide exposure, "DEL CITY POLICE RESCUE INTELLECTUALLY DISABLED WOMAN FROM ALLEGED MONTHS-LONG TORTURE AND ABUSE". In video of the article, it shows Del City Police Officers entering the house and the "alleged 'intellectually disabled woman'" was not in the video. This is on both networks' websites enabling world-wide coverage and is the first result on "Google" search (search results attached and redacted).
        1.2.2. Next statement that wasn't verified by Del City Police is hearsay, "Del City Police said the victim (Destiny NELSON "Tisdale") had a skull fracture, two broken arms, a possible broken rib, and bed sores that caused sepsis". This statement was in the affidavit that on March 20, 2025 (no time listed) the victim's brother Hunter Tisdale told Detective Christopher GRIGGS; however, GRIGGS did not make any attempt at St. Anthony's Hospital, in which was the location of the interview according to

the Probable Cause Affidavit, to verify the information with St. Anthony's Medical team. This intentional negligence on behalf of Ms. PIERCE to read and report the information provided caused substantial credibility harm. This is in more detail on paragraphs 3.2 and 6.7.12.

1.2.3. At the time of publication, Del City Police executed a search warrant on house located at 3909 SE 24th Street on March 20, 2025, at 02:15 hours; however, Ms. PIERCE, if she was not working as an agent for Del City, would have inquired about what evidence was discovered and seized. Ms. PIERCE's neglect to 'report' and not spread propaganda for her own benefit is a clear violation of the First Amendment protections she enjoys. Ms. PIERCE would also have noted there was a search warrant executed; however, the two vehicles which were seized by Del City police the same early morning were done without a warrant and without being disclosed in the Affidavit. Also, the Probable Cause Affidavit does not show any evidence collected during the nighttime search pertaining to the weapons allegedly used.

1.2.4. Jennifer PIERCE's follow-up article titled, "'I CAN'T EVEN WRAP MY HEAD AROUND IT:' DEL CITY POLICE OFFICER DESCRIBES ABUSE AND TORTURE CASE INVOLVING VULMERABLE WOMAN" published online on Oklahoma City's Channel 9's website and Tulsa Channel 6's website on April 8, 2025, at 3:29 p.m., is another example of her acting as an agent of Del City Police. I was bonded out at the time and was not charged with a crime (according to oscn.net). However, Ms. PIERCE was not interested in reporting anything other than what Del City told her. Ms. PIERCE had an obligation to correct the previous article; however, she didn't, which supports the notion of her working as an agent of government.

1.2.5. Also, Ms. PEIRCE made several other false statements: "ripped off her toenails"; "A resident (unnamed in the article; although the name is on the Probable Cause Affidavit) and was determined to be a false statement by Del City Police based paragraph 6.7.8. Ms. PIERCE had an obligation to disclose true verifiable information; however, she did not. Therefore, this failure demonstrates her involvement in conspiring with Del City Police and Oklahoma County in violating my rights.

1.2.6. All twelve false statements in the Probable Cause Affidavit are found in 6.7. series in the outline. Also attached is from the U.S. Library of Congress website: "CONSTITUTION ANNOTATED, Analysis and Interpretation of the U.S. Constitution Amdt1.7.5.7 Defamation". Ms. PIERCE and KWTV 9's actions demonstrate the defendant published the defamation with knowledge that it was false or with reckless disregard of whether it was false. The first article published is the first search result on Google, redacted search results attached.

2. For violation of the Fourth Amendment:

2.1. On March 19, 2025, at 23:54 hours (Source: 1-Axon_Body_3_Video_2025-03-19_2354_X60AB9584), Del City Police evicted me from my house I own by Officer Robert Colson without a warrant.

2.1.1. I was forced to leave my property in the custody of Del City Police unsecure, and the property was not under video surveillance to ensure Del City Police Officers didn't enter the property.

2.1.2. Del City Police Officers was left alone from March 19, 2025, at 23:54 to March 27, 2025, when I was bonded out of the Oklahoma County Detention Center.

2.1.3. Del City Police Officers and the Del City Animal Control Officer is on several Body Worn Camera (BWC) videos going in and out of the residence on March 20, 2025. NOTE: There is no evidence of Del City Police or other employees of the City of Del City from entering the residence without their body worn camera activated; also, the residence was left open for anyone to take whatever they wanted as the house was not locked. The police also didn't secure the 'crime scene' as used in the Search Warrant Affidavit for nighttime service with tamper resistant evidence tape, or "Police Do Not Cross" tape. This signifies it was not an active crime scene.

2.1.4. The Crime Scene Log was never utilized; therefore, the residence at 3909 SE 24th Street in Del City was not an active crime scene and Detective BOATWRIGHT, under the penalty of perjury, lied on the Search Warrant Affidavit. This false information allowed Del City Police to enter under the cover of darkness to prevent anyone from witnessing their actions. Also, two officers who were unrelated to the execution of the search warrant were shown the layout of the house during the day of March 20, 2025: thereby, violating unreasonable search and seizure.

2.1.5. Furthermore, the Del City Police violated the Search Warrant by not returning it to the Oklahoma County Courthouse within ten days; instead, they maliciously returned the March 20, 2025, search warrant on May 13, 2025. The Del City Police deliberately, maliciously, and with intent to withhold the lack of evidence collected from the Oklahoma County District Attorney's Office, Defense

Attorneys, and the Courthouse, without accountability from either the Judicial Branch or District Attorney's Office.

2.2.  On March 20, 2025, at 05:46 hours, I was seized without reason or an arrest warrant and taken to the Del City Police Department Jail where I was 'secretly confined' and 'imprisoned' (as stated on the Arrest Probable Cause Affidavit signed by Special Associate District Judge Glidewell) until transfer to the Oklahoma County Detention Center on March 21, 2025 (over 24 hours). This became, your "arrest date" on the Oklahoma County Detention Center Book-in Sheet for the charge of "accessory to commit a felony"; however, according to the Del City Police Book-in Sheet you were arrested for "Investigative Hold" and the Police Report # 25-00834 stated "accessory to felony". I was denied calling my lawyer upon book-in through a third party; and no one knew where I was, or why Del City Police "kidnapped" me from the driveway of my house.

    2.2.1. Detective Christopher GRIGGS, with Detective Kory BOATWRIGHT present, told Cody LINNELL it is only a crime if you were obligated to report a crime and explains "mandatory reporting" on April 5, 2025, at 16:51 hours on video file named: Redacted_BWC_Griggs_3.

    2.2.2. Detective Christopher GRIGGS, with Detective Kory BOATWRIGHT present, told Schotte-Shaun WENGLAND everyone's story changed when they learned they wouldn't get in trouble for not reporting on April 16, 2025, at 10:39 hours on video file named: 1-Axon_Body_3_Video_2025-04-16_0942_X60AB0901.

    2.2.3. Both statements by Del City Police Detective GRIGGS to LINNEL and WENGLAND are the same; however, I was arrested for what GRIGGS and BOATWRIGHT being present said was not a crime. This is a direct admission by the Del City detectives claiming to falsely arresting me.

    2.2.4. On August 8, 2025, at 10:18 hours from Kristy Cox (Kristy.Cox@oscn.net) to LAPI Jonathan Pearson (jonsampearson77@gmail.com): "The arrest warrant is just an entry on the computer. There is not an actual document filed on this case (MI-2025-328)". The Armed Licensed Private Investigator I hired requested the Probable cause documentation and received three pages of Detective GRIGGS's credentials and the copy and paste narrative of GRIGGS's narrative from the police report.

    2.2.5. Detective GRIGGS changed CHURCHILL's name with my name on CHURCHILL's paragraph as outlined in paragraph 6.7.11 in detail. Nothing in the PC affidavit shows or demonstrates PEARSON was involved in commission of the crime of Accessory to Felony. None of the "elements" of the crime were disclosed in the Probable Cause affidavit.

    2.2.6. Also, the interview in the Probable Cause Affidavit stating an interview with NELSON's brother occurred prior to any x-rays or any examination of any kind. It is on video file name: Redacted_BWC_Toves_2 was active the entire time from arrival to when the interview was between March 20, 2025, at 00:36 hours and March 20, 2025, at 00:44 hours took place. This deliberate omission of the time of the "interview" was intended to persuade the court to issue an illegal and unjustified arrest warrant. This is detailed in Paragraph 6.7.12.

2.3.  Del City Police Officer Matthew LISENBEE (the arresting officer) was told by unknown person on a cellphone call to seize my cellphone without a warrant and without explanation of how it is tied into the charge of "accessory to felony" on March 20, 2025 at 0600 and was recorded on video file named: 1-Axon_Body_3_Video_2025-03-20_0548_X60AB0820.

    2.3.1. According to Officer LISENBEE's report dated March 21, 2025, at 22:29 hours pertaining to Del City Police Case Number 25-00834, he did not detain, or arrest Jack Pearson and his cellphone was not listed on his narrative as part of the crime (showing lack of PROBABLE CAUSE).

    2.3.2. According to "Primary Narrative By Christopher Griggs, 03/21/25 08:50", no cellphone was listed at being related to the crime (showing lack of PROBABLE CAUSE), source initial discovery page 7 of 14 of Del City Police Case number 25-00834. Also, on the Arrest Probable Cause Affidavit Signed by Special Associate District Judge Jason Glidewell, no cellphone was mentioned, as well as the items taken from the house. It also failed to report that the search warrant was executed on my house; this was again intentionally done.

    2.3.3. According to "Supporting Narrative By Kory Boatwright, 04/01/25 14:15", no cellphone was listed on as being related to the crime (showing lack of PROBABLE CAUSE). BOATWRIGHT's narrative is found on page 12 of 14 on the police report.

    2.3.4. Del City Police Detective GRIGGS intentionally prevented me from my personal property from March 20, 2025 at 0600 to July 11, 2025 at 0900 which means I was without my cellphone I was still making payments for: From and including: Thursday, March 20, 2025 to and including: Friday, July 11, 2025 Result: 114 days, or 3 months, 22 days including the end date (source: dateandtime.com is

attached). I was forced to hire Licensed Armed Private Investigator for help. Email chain (attached) from LAPI Jonathan Pearson jonsampearson77@gmail.com to Marvin Stanford mstanford@cityofdelcity.org on July 7, 2025 shows Detective GRIGGS was in violation of Del City Police Department Policy by Officer Standford replying: "I made contact with the defective division this morning to inquire about the phone. Detective Griggs is off today so I couldn't follow up with him." on July 7, 2025, at 10:57 hours and LAPI PEARSON replied with: "Mr. Standford, Am I reading this incorrectly? "802.3 PROPERTY AND EVIDENCE ROOM SECURITY The Property and Evidence Room shall maintain secure storage and control of all property in the custody of this department. A property officer and assistant shall be appointed by and will be directly responsible to the Support Services Supervisor or the authorized designee. **No one person shall have total control over evidentiary property.** The property officer is responsible for the security of the Property and Evidence Room." So, if Detective Griggs has total control over property, does this mean he is exempt from the Policy?" on July 7, 2025, at 11:03 hours and received no reply from Officer Standford. LAPI PEARSON included Police Chief Loyd Berger to the email chain on the courtesy copy line on the original email at: dcpdadmin@cityofdelcity.org. To date, no disciplinary action has been taken against Detective GRIGGS demonstrating Chief BERGER and Major Michael Arterbury lack of command and control of subordinates and failure to train, enforce Del City Police Policy, supervise, and discipline for violations.

2.3.5. According to the Del City Property Log printed on April 1, 2025, over 30 days since the seizure of your property, no cellphone was listed on Del City Case number 25-00834. No cellphone wasn't properly labeled according to Del City Police Department Policy having the case number, property owner, date and time of seizure, and location of the seizure. It had a sticky note with "Churchill" lined through and "Pearson" was added.

2.3.6. Nothing in Oklahoma District Court Probable Cause Affidavit MI-2025-328 shows anything in relation to your cell phone being part of the crime, justifying its seizure. No warrant was ever sought or granted to search or to seize your cell phone.

3. Violations of 5th Amendment of the United States Constitution:

3.1. Although you read your rights in the interrogation room on March 20,2025, at 15:34 hours, you were questioned prior to the interrogation. In the waiver of your right to remain silent, you were told to read the following: "I have read this statement of my rights and understand what my rights are. I am willing to make a statement and answer questions. I do not want a lawyer at this time. I understand and know what I am doing. No promises or threats have been made and no pressure or coercion of any kind has been used against me."

3.2. Throughout the interrogation, Detectives GRIGGS and Kory BOATWRIGHT used coercion to get me to agree or support the narrative. Both Detectives GRIGGS and BOATWRIGHT claimed I was lying; without anything to support their claims. This was also evident during the bond reduction hearing on May 15, 2025, with Judge Nikki KIRKPATRICK, when she claimed my testimony was not credible. KIRKPATRICK demonstrated my credibility was damaged directly by GRIGGS and BOATWRIGHT.

3.3. On March 20, 2025 at 16:19 hours, I was threatened with arrest (which occurred on March 21, 2025) and transported to Oklahoma County Detention Center if I did not "tell the truth" and agree with what Destiny NELSON told LISENBEE (located on video file names: Redacted_BWC_Lisenbee_1 and Redacted_BWC_Lisenbee_2) and GRIGGS (located on video file named: Redacted_BWC_Toves_2) between March 19, 2025 at 22:30 hours March 20, 2025 00:44 hours, early morning. GRIGGS and BOATWRIGHT lied directly to me when they said they did not want me to "lie" on March 20, 2025, at 16:38 source: 1-Axon_Body_3_Video_2025-03-20_1529_X60AB0901.

3.4. Detective BOATWRIGHT threatened to "extract" the information from my cellphone (they illegally possessed); although, they never established how it was used in the commission of the crime I arrested for. On March 20, 2025, at 16:35 hours, Detective BOATWRIGHT inquired how to access my phone, rather it was by fingerprint, facial recognition, or password, with Detective GRIGGS present on video file named: 1-Axon_Body_3_Video_2025-03-20_1529_X60AB0901. I stated there was no security method of accessing my illegally seized cell phone, showing intent, the Del City Police was going to search my phone with or without a warrant. Detective BOATWRIGHT told me they were going to download the information on my illegally seized phone; also, was never entered on the evidence log on March 20, 2025, at 16:35 hours, and he didn't mention getting a search warrant to do so.

3.5. Detective BOATWRIGHT told me that "you may not get another chance to tell your side of the story again" on March 20, 2025, at 16:37 hours (Same source as 3.4). If I was charged with a crime, I would

have the opportunity to take the stand in your defense; therefore, the only way to take this statement from Detective BOATWRIGHT is a threat to silence me permanently, otherwise meaning death. This death threat violates the waiver in the Miranda Warning you read at the beginning of the interrogation. Also, this shows a direct connection to Jennifer PIERCE and BOATWRIGHT relation in silencing me from telling my side of the story.

4. Violation of the Sixth Amendment of the United States Constitution:

    4.1. I was not afforded the opportunity to confront my accuser. Del City Police Detectives were going to ensure this by promising Destiny NELSON's (the accuser) mother, Tonya SHARP, they were going to help her file a Victim Protective Order against me on March 21, 2025, at 13:31 hours located on video file named: Redacted_BWC_Griggs_4.

    4.2. I was denied the right to know what charges were being levied against me until I was booked into the Oklahoma County Detention Center. I wasn't given a copy of the warrant used to transport me from Del City Jail to the Oklahoma County Detention Center, until I was released on bail.

5. Violation of the Eight Amendment of the United States Constitution:

    5.1. Detective BOATWRIGHT tells SHARP they are going to try to get a bond so high "they can not touch for a very long time"; clear intent to violate the Eight Amendment of Excessive Bond on the part of the Del City Police on March 21, 2025, at 13:41 hours, same source at 4.1).

    5.2. Special Associate District Judge Jason GLIDEWELL, of Oklahoma County District Court, issued the Arrest Warrant in the amount of $100,000 on March 21, 2025, according to oscn.net case number MI-2025-328. The probable cause affidavit signed by Judge GLIDEWELL didn't state any facts demonstrating my involvement in the accused felonies themselves, or its cover-up (jury instructions attached). This order was unreasonable, and the judge's decision was influenced by perjurious statements within the Probable Cause Affidavit. At the time of issuance, March 21, 2025, the search warrant of my house was conducted and "no evidence" was collected NELSON claimed to be used on her as "weapons" per the warrant return attached showing no hammer, scissors, paddle, or belt was recovered. On March 20, 2025, at 02:15 hours according to Del City Dispatch Log CFS25-08006 by Shelby CORTEZ was when "ALL X-RAY (Detectives) UNITS ON SCENE – WARRANT GETTING SERVED AND PROCESSED". According to the Search Warrant Return (attached) the following items were seized: 1. Victim's wallet and diary 2. Hand Written sentences 3. Pink Dog Collar 4. Victim's pillow 5. Green neck brace 6. Swab from vacuum 7. Swab from kitchen floor and 8. Swab from wall and ceiling. Judge GLIDEWELL did not protect myself from unreasonable seizure, as he is sworn to do, and therefore should be held liable for violation of my civil rights. Judge GLIDEWELL should have inquired if the search warrant issued March 20, 2025, was executed and what was discovered and seized. In the Probable Cause Affidavit, GRIGGS describes the inside of the residence, so either GRIGGS admitted to entering the residence without a search warrant, or Judge GLIDEWELL should have known one was executed. Without any evidence to support the accusations against me, the arrest warrant should not have been signed. Also, the Probable Cause Affidavit narrative did not have any "elements of the crime" (attached) for accessory to commit a felony I was being accused of. Also, GRIGGS deliberately omitted the fact that the accuser has a history of seizures, as he was told several times by the accuser, the accuser's mother, and the accuser's sister-in-law on various occasions.

    5.3. During intake with the Del City Police, I advised Officer Matthew LISENBEE, the arresting officer, I was a diabetic and on medication to control my blood-sugar levels on March 20, 2025 at 06:05 hours located on video file named: 1-Axon_Body_3_Video_2025-03-20_0548_X60AB0820. From the time I was arrested on March 20, 2025, to my release on bail, I was denied medical treatment, including checking my blood sugar levels (I was doing twice a day). This is a clear violation of cruel and unusual punishment; however, it can be derived from the death threat in paragraph 2.5. If I had died from diabetic episode, I would not be able to "tell your side of the story".

6. Violation of your 14th Amendment of the United States Constitution:

    6.1. Paragraph 4.2 also applies to violating this Constitutional Right of due process. I was given a bond of $100,000 without a bond hearing and I was not told of your bond or charges until you were transferred to the Oklahoma County Detention Center. I couldn't contact anyone until I arrived at the Oklahoma County Detention Center. This cost me $10,000, plus continued lost wages and treated as a "parolee" as I am required to check in with the bond company every month for 2 years.

    6.2. I was not given equal protection under the law with respect to my religious beliefs, as outlined in paragraph 1.1.5. I told Del City Police officer LISENBEE I did not eat "pork" or related products, and I

was on a low sugar diet for my medical condition (diabetes), they intentionally deprived me of. Again, I being forced to eat high sugar foods could be intentional based on the threat on my life in paragraph 2.5.

6.3. Detective GRIGGS' false statements to the court, in concert with KWTV 9's staff reporter Jennifer PIERCE, would have prevented me from having an impartial and fair trial; however, the Del City Police Detectives (GRIGGS and BOATWRIGHT) acknowledges and admitted to Gary CHURCHILL they did not have any intention of filing the police report to the Oklahoma County District Attorney's Office for formal charges found on video file named Redacted_BWC_Griggs_2 on March 4, 2025 between the times of 14:29 hours and 14:58 hours.

   6.3.1. Detective GRIGGS took my cellphone from his desk and took it to the interrogation room and tried to hand it to CHURCHILL. It only had a sticky note attached to it.

   6.3.2. CHURCHILL stated it was my cell phone; although, I, and others I asked to help retrieve my cellphone, was still being told it is being held as evidence, and I was not allowed to pick it up. This is correlated with paragraph 1.3.4.

   6.3.3. Due to Del City Police Detectives deception of the facts of the case, they (along with Major Michael Arterbury) passed the false information to a local news station KWTV Channel 9 and Jennifer PIERCE, whom acted as a government agent by failing to fact check the information herself and apply due diligence in her articles which was published on March 25, 2025 titled "DEL CITY POLICE RESCUE INTELLECTULLY DISABLED WOMAN FROM ALLEGED MONTHS-LONG TORTURE AND ABUSE" and April 8, 2025 titled "'I CAN'T EVEN WRAP MY HEAD AROUND IT:' DEL CITY POLICE DESCRIBES ABUSE AND TORTURE CASE INVOLVING VULNERABLE WOMAN" with no corrections pertaining to the fact I was not charged in the case. Both news articles are included in the case file. PIERCE's first and second articles implied I was charged by the sentences: "The men face accessory to commit a felony for not reporting the abuse." and "Police say four people have been arrested in connection to the abuse or failing to report the abuse." This contradicts the information 6.3, PIERCE may not have known the interview that occurred on April 4, 2025; however, Major ARTERBURY should have as being the Investigation Division Commander and being interviewed.

6.4. This damage to my credibility was evident when Judge KIRKPATRICK claimed that I were not a "credible witness" on May 15, 2025, during the Bond Reduction hearing of Jennifer WENDT.

6.5. Further damage from the false reporting of both Detectives of the Del City Police, and PIERCE was evident from a seminar I had scheduled after I was bonded out. Not a single person registered to attend, as my mugshot was displayed on the news report in paragraphs 1.2.1, 1.2.2., 1.2.3, and 5.3.3.

6.6. Also, Del City Detective GRIGGS and BOATWRIGHT intentionally returned the search warrant for your house located at 3909 SE 24th Street in Del City issued on March 20, 2025, to the Oklahoma County Courthouse on May 13, 2025, over a month after it was signed. This deliberate act prevented the truth of the lack of evidence collected from being discovered by the Oklahoma County District Attorney's Office, any defense attorney, or any member of the Judicial Branch of Oklahoma County.

6.7. The probable cause affidavit itself is riddled with false and misleading statements under the penalty of perjury, and they are:

   6.7.1. The first false statement: "She (NELSON) bit through her upper lip while she was being tortured." NELSON never claimed she was "tortured". NELSON told GRIGGS on March 20, 2025, at 00:33 hours, "I bit my lip when she (WENDT) was putting a 'neck brace' and 'dog collar' on." Found on video file named Redacted_BWC_Toves_2.

   6.7.2. Second false statement: "She (NELSON) stated that she was confined to her bed and is often chained to the bed 'for days'." NELSON never told GRIGGS (same source as paragraph 6.7.1.) on March 20, 2025, at 00:27 hours what duration she was "tied up to the bed" and she didn't tell LISENBEE duration of being "tied up to the bed…with dog chains" on March 19, 2025, at 22:48 hours source video file name Redacted_BWC_Lisenbee_2.

   6.7.3. Third false statement based on other interviews made by NELSON to GRIGGS: "Nelson stated she was not allowed to speak with her family." GRIGGS knew this statement was false when he interviewed NELSON's mother on March 21, 2025, at 13:13 hours when SHARP claimed she saw NELSON as normal was Valentine's Day located on video file named Redacted_BWC_Griggs_4.

   6.7.4. Fourth false statement: Primary Narrative By Christopher Griggs, 03/21/25 08:50; GRIGGS wrote his primary narrative prior to CHURCHILL'S, SHARP's, and WENDT's interviews/interrogations? This narrative is what the Probable Cause Affidavit was copy and pasted from. Also, GRIGGS has on his narrative two entries dated on March 25, 2025, on page 9 of 14 of the Del City Police Report showing

a follow-up interview with NELSON and obtaining NELSON's medical records from St. Anthony's Hospital located in Oklahoma City, Oklahoma. Also, GRIGGS' narrative was completed prior to the Probable Cause Affidavit for Oklahoma County Special Associate District Judge Glidewell, and after the search warrant execution.

6.7.5. Fifth false statement: "Nelson advised that Wendt allowed her to live at the residence and serve as her 'caretaker'." NELSON never categorized WENDT being her caretaker, nor did SHARP. Only TISDALE claimed WENDT was taking care of NELSON on March 19, 2025, at 22:39 hours located on video file named Redacted_BWC_Lisenbee_2. CHURCHILL only said WENDT took care of NELSON during the day on March 19, 2025, at 23:17 hours located on video file named: Redacted_BWC_Colson_1.

6.7.6. Sixth false statement: "Nelson has what appears to be ligature marks on her neck and ligature marks around both ankles and both wrists." However, no photographic or video evidence shows any ligature marks, and no pictures were taken of these alleged ligature marks. Is this a case of negligence of police not gathering evidence of what the police claim what appears to be ligature marks?

6.7.7. Seventh false statement: The paragraph that starts with "I observed a camping…" demonstrates the lack of executing a search warrant and date and time as demonstrated by GRIGGS' body worn camera file named 1-Axon_Body_3_Video_2025-03-20_0229_X60AB0901 on March 20, 2025, at 02:29 hours. This is a malicious false statement to demonstrate Del City Police could not support NELSON's accusations. There was not any soiled clothing found, showing NELSON was not honest with the claim, "Nelson stated she is made to urinate and defecate while lying in the bed."

6.7.8. Eighth false statement: GRIGGS wrote: "Nelson stated she was routinely struck with scissors, paddles, and belts." None of this was found during the search warrant and did not disclose the contents found during the search warrant even though the search warrant was executed prior to the arrest warrant affidavit. This is false, as it is not substantiated by evidence.

6.7.9. Nineth false statement: "Pearson described the incident as Jennifer and Shawn leading Nelson around like a dog." I did not state this according to the video file named: 1-Axon_Body_3_Video_2025-03-20_1529_X60AB0901 on March 20, 2025, between the time of 16:27 hours to 16:29 hours.

6.7.10.   Tenth false statement: "Pearson stated he had two separate conversations with Churchill and Wendt, where he told both that they needed to be careful with Nelson because she is 'mentally retarded'." On March 20, 2025, at 16:30 hours, I described NELSON to both GRIGGS and BOATWRIGHT as "mentally challenged" and GRIGGS is heard saying "sure, sure whatever term you want to use" as seen on the same video as paragraph 5.7.7.

6.7.11.   Repeated the same statement as found in paragraph 6.7.10. concerning having two separate conversations with Jennifer and Gary.

6.7.12.   This whole paragraph starting with "The residence that Pearson owns is 756 square feet", is a copy and paste from other Probable Cause Affidavits with minor changes (MI-2025-328 is attached in packet). This is from the "interview of CHURCHILL's interrogation: "On 3/20/2025 at approximately 1532 hours Det. Boatwright and I interviewed Gary Churchill, Gary stated that while Nelson was living in the living room, on the cot, he observed signs of abuse on Nelson at least 3 times that he could recall. While speaking to Churchill, he stated that he should have called and reported the abuse but never did. The residence that Churchill lives in is 756 square feet, Nelson was held in the living room on a cot and was in the open where Churchill walked every day. While speaking to Churchill, he admitted to having 3 separate conversations with Jennifer and Pearson about the treatment of Nelson. Based on this interview and his living in close proximity to Nelson while she was at the house, it would be impossible for Churchill to not have seen the condition of Nelson. Churchill was also asked about a large pair of scissors, and he advised that they were in Jennifer Wendt's nightstand. He was asked about the brown wooded paddle, and he advised he saw it on the kitchen table." found on page 9 of 14 on the police report.

6.7.13.   Eleventh false statement: "On 3/20/2025, I spoke with Nelson's brother, Hunter Tisdale, who was at the hospital with Nelson. Tisdale stated that medical personnel advised that Nelson had suffered a skull fracture near the middle of her forehead, a broken left arm and right arm, a possible broken rib, and bed sores that have caused sepsis." This conversation wasn't captured on body camera although, Detective GRIGGS claim on the police report: "My BWC was active during all interviews." This interview was captured on Redacted_BWC_Toves_2 as described in paragraph 1.2.4. and the information provided by TISDALE was not verified by St. Anthony's medical staff and was not supported by the medical records obtained on March 25, 2025. Page 9 of 14 on the Del City Police

Report. No evidence of broken arms or other claims made by Detective GRIGGS' unverified repeating of TISDALE's (this violates O.S. 21-781, attached) statement on this Probable Cause Affidavit demonstrates Detective GRIGGS' lack of training and experience to conduct basic police work, much less be an unshackled detective.

    6.7.14.    Twelfth false statement: "Last known address: 3909 SE 23rd Del City, OK 73115" was falsely reported as the last known address in which the search warrant was served on is 3909 SE 24th St., Del City, OK 73115, and the correct address is located halfway down the third paragraph of the Probable Cause Affidavit.

7.    Previous violations of Del City Police Officers and pattern of failures of City of Del City to supervise, employ, retain, and uphold state laws and Constitutional protections.

    7.1.    Federal Civil Rights Lawsuit: CIV-21-00363-JD: Disposition- Settled before trial filed April 19, 2021 (Del City and Del City Police Department was not held accountable)

    7.2.    Federal Civil Rights Lawsuit: 5:25-cv-00585-PWR: Disposition- Pending against **City of Del City, Del City Police Department, Christopher Greggs** (Correct Spelling: **Christopher Griggs)**, Matthew Colson, and J. Randolph (those in **bold** are also listed in this complaint)

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## V.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    8-15-2025

Signature of Plaintiff

Printed Name of Plaintiff    Jackie O. Pearson

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address